**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AMY LANGLOIS DEOLIVEIRA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **APPLE INC.** | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **Defendant.** | ) | |
| | ) | |

---

**COMPLAINT**

---

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Amy Langlois DeOliveira, a person of full age of majority, who respectfully represents as follows:

**PARTIES**

1.     Plaintiff, Amy Langlois DeOliveira (hereinafter referred to as "Plaintiff" or "Ms. DeOliveira") is an individual who is a resident and citizen of Baton Rouge, East Baton Rouge Parish, Louisiana.

2.     Defendant, Apple Inc. (hereinafter referred to as "Defendant" or "Apple"), is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple manufactures for sale and/or sells Apple-branded consumer electronic products, including but not limited to the Apple iPhone 4s, which were and are distributed, sold and used by consumers and citizens in Baton Rouge, East Baton Rouge Parish, Louisiana.  Apple

may be served with process by serving its registered agent, CT Corporation System at 5615

Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

## VENUE AND JURISDICTION

3.      Both jurisdiction and venue are proper in the Middle District of Louisiana. Apple

conducts or has conducted business activity in East Baton Rouge Parish, Louisiana, and Apple

has distributed its products, including the Apple iPhone 4s made the subject of this lawsuit,

through East Baton Rouge Parish.  Ms. DeOliveira purchased, used and was injured by Apple's

product in the Middle District of Louisiana.

4.      Federal subject matter jurisdiction is based upon 28 U.S.C. § 1332 in that there is

complete diversity among Plaintiff and Defendant and the amount in controversy is in excess of

$75,000.00.  Specifically, Plaintiff is and continues to be a resident and citizen of the State of

Louisiana and Defendant is and continues to be a resident and citizen of and have its principal

place of business in the State of California.

5.      Venue is proper in this matter pursuant to the terms of 28 U.S.C. § 1391(b)(2) as

the sale of the defectively designed and manufactured product as described herein and the

injuries to plaintiff occurred in Baton Rouge, East Baton Rouge Parish, Louisiana.   Additionally,

Defendant has directed and sold its products, including the Apple iPhone 4s into East Baton

Rouge Parish.

## STATEMENT OF FACTS

6.     At all times material to the present case, Apple was and is engaged in the conduct of business in Baton Rouge, East Baton Rouge Parish, Louisiana in that it distributed, sold, supplied, manufactured, designed, and otherwise processed Apple products, which were distributed, sold and used by consumers and/or citizens like Ms. DeOliveira in Baton Rouge, East Baton Rouge Parish, Louisiana.

7.     At all times material to the present case, Ms. DeOliveira was a consumer of a product manufactured by Apple, namely the purchase from Apple of a certain white 64 GB Apple iPhone 4s, identified by Model\Part number, MD271LL/A, and Serial Number, C39GQES0DTDR (hereinafter referred to as "iPhone 4s"), in Baton Rouge, East Baton Rouge Parish, Louisiana.

8.     Ms. DeOliveira purchased the subject iPhone 4s on November 26, 2011, from Best Buy located at 5913 Bluebonnet Boulevard, Baton Rouge, East Baton Rouge Parish, Louisiana 70836.

9.     On August 19, 2013, at 6:50 a.m., Ms. DeOliveira arose from her sleep, wherein she unplugged her iPhone 4s from the wall charger in her bedroom.  Ms. DeOliveira viewed the time and weather on her iPhone 4s.  Thereafter, Ms. DeOliveira placed her iPhone 4s on the armoire in her bedroom and proceeded to wake her children for school.

10.     Subsequently, Ms. DeOliveira got her children ready for school and then retrieved her iPhone 4s from her armoire and placed her phone on the counter that separates her living

room and kitchen.

11.     Ms. DeOliveira proceeded to her laundry room to retrieve a pair of denim capri pants to dress for the day.  Ms. DeOliveira got dressed in the laundry room and then returned to the kitchen to retrieve her phone.

12.     At or about 7:20 a.m., Ms. DeOliveira retrieved her phone from the counter, viewed the time, and then placed the iPhone 4s in her pants pocket and proceeded to prepare snacks for her children for school.

13.     Subsequently, at or about 7:21 a.m., Ms. DeOliveira heard a loud pop and sizzle, instantly felt a burning sensation to her right leg, and saw smoke.  Instantaneously, Ms. DeOliveira screamed and realized that the iPhone 4s had exploded in her pants pocket.  The smoke filled Ms. DeOliveira's kitchen and living room and detonated her kitchen smoke alarm.

14.     As a result of the explosion, the iPhone 4s had melted the protective case utilized by Ms. DeOliveira, burned a hole in her pants and ultimately burned her leg.

15.     Ms. DeOliveira immediately removed her pants, which were still smoking, and tossed them to her husband to place outside.  Next, she proceeded to her bathroom to run cold water on her burned leg.

16.     As a direct and proximate result of the explosion of the subject iPhone 4s and burn sustained on her leg, Ms. DeOliveira required emergency medical attention.

## CLAIMS FOR RELIEF

17.     Apple is liable as the manufacturer, distributor, and/or seller of the iPhone 4s in violation of the Louisiana Products Liability Act, La. R. S. § 9:2800.51, *et seq*.

18.     Apple is in the business of manufacturing the iPhone 4s pursuant to La. R. S. § 9:2800.53 in that it produced, made, fabricated, constructed, and designed the iPhone 4s involved in the incident.

19.     Apple is a manufacturer pursuant to La. R. S. § 9:2800.53 in that it is the manufacturer, as well as seller, of the iPhone 4s made the subject of this lawsuit, who exercised control over and influenced the design, construction and quality of the iPhone 4s, which was distributed to, sold to, and used by consumers, such as Ms. DeOliveira, in the State of Louisiana.

20.     The injuries sustained by Ms. DeOliveira were caused by a characteristic of the iPhone 4s that rendered the iPhone 4s unreasonably dangerous because at the time of Ms. DeOliveira's injury, the iPhone 4s was being used in its reasonably anticipated use, such that Apple should reasonably expect in the same or similar circumstances.

21.     The iPhone 4s manufactured by Apple was unreasonably defective in construction or composition as provided by La. R. S. § 9:2800.55, in that at the time the iPhone 4s left Apple's control, it deviated in a material way from applicable specifications and/or performance standards for the iPhone 4s or from otherwise identical products manufactured by Apple.

22.     At the time the iPhone 4s involved in this incident left Apple's control, Apple knew, or should have known, that the iPhone 4s could explode and burn a user of the iPhone 4s.

23.     The iPhone 4s manufactured by Apple was unreasonably defective in design as provided by La. R. S. § 9:2800.56, in that when it left the control of Apple:

   a.   There existed an alternative design for the product that was capable of preventing Ms. DeOliveira's damage; and

   b.   The likelihood that the Apple iPhone 4s design would cause Ms. DeOliveira's damages and the gravity of that damage outweighed the burden on Apple of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

24.     The iPhone 4s manufactured by Apple was unreasonably dangerous due to an inadequate warning as provided in La. R. S. § 9:2800.57 in that reasonable care was not utilized to ensure that consumers, such as Ms. DeOliveira, were adequately warned of the true characteristics of the product that may cause damage to users and handlers of the Apple iPhone 4s.

25.     At no point in time was Ms. DeOliveira warned of any potential risk that the subject iPhone 4s would fail and that there was a risk of serious bodily injury associated with the use of the iPhone 4s.

26.     The iPhone 4s manufactured by Apple was unreasonably dangerous because it did not conform to an express warranty of Apple regarding the iPhone 4s, as provided in La. R. S. § 9:2800.58.

6

27.     At all times relevant hereto, Apple represented to the general public and consumers, including Ms. DeOliveira, either expressly or impliedly, that the iPhone 4s was safe and suitable for the intended purpose; that is, to use as a telephone and to carry it close to the body in a pants pocket, shirt pocket or other pocket.

28.     The said iPhone 4s was not safe and suitable for the intended use and that in the course of its normal and intended use by Ms. DeOliveira, the subject iPhone, suddenly and without warning, exploded, thus causing severe and serious personal injuries to Ms. DeOliveira, as outlined further in detail below.

29.     The iPhone 4s was placed into the stream of commerce by Apple acting through its authorized agents, servants, employees and/or representatives.

30.     The iPhone 4s purchased by Ms. DeOliveira was packaged by Apple and had not been opened prior to purchase by Ms. DeOliveira. The iPhone 4s was expected to and did reach Ms. DeOliveira without any and/or substantial change in its condition as tested, manufactured, designed, labeled, packaged, marketed and distributed by Apple.

31.     The iPhone 4s, as manufactured and supplied to the general public, was unaccompanied by proper warnings regarding the serious risks associated with the use of the iPhone 4s. Further, Apple failed to warn of the serious risk of an exploding iPhone after Apple had knowledge of the same. Additionally, consumers, such as Ms. DeOliveira, were not made aware that the use of the iPhone 4s could result in serious personal injuries, including, but not limited to second degree burns and scarring, among others. Full and proper warning, which should have been disclosed by Apple, was not provided to Ms. DeOliveira.

32.     The iPhone 4s's capacity and capability to cause serious personal injuries and damages such as those suffered by Ms. DeOliveira was not due to any voluntary action or comparative fault of Ms. DeOliveira.

33.     Additionally and/or alternatively, the doctrine of *res ipsa loquitor* is applicable in this matter as the iPhone 4s manufactured by Apple exploded in Ms. DeOliveira's pocket, and such action could not occurred in the absence of negligence.

34.     As a direct producing and proximate result of the acts and omissions, suppression and misrepresentations of Apple, and as a direct and proximate result of the explosion of the iPhone 4s, Ms. DeOliveira suffered and received second degree burns to her leg, plus scarring and discoloration thereto.

35.     Plaintiff, Amy Langlois DeOliveira, has incurred and sustained actual and compensatory damages, including general and special damages, in excess of $75,000.00.  Ms. DeOliveira is entitled to recover an amount calculated to adequately compensate her for the injuries and damages she incurred and sustained, including:

       (a)  Reasonable and necessary medical expenses incurred in the past;

       (b)  Reasonable and necessary medical expenses reasonably likely to be incurred in the future;

       (c)  Conscious physical pain and suffering experienced in the past;

       (d)  Conscious physical pain and suffering reasonably likely to be experienced in the future;

       (e)  Mental anguish in the past;

(f)  Mental anguish likely to be experienced in the future;

(g)  Physical disfigurement, including scarring and discoloration, in the past;

(h)  Physical disfigurement, including scarring and discoloration, likely to be experienced in the future;

(i)  Physical impairment in the past;

(j)  Physical impairment likely to be experienced in the future;

(k)  Loss of enjoyment of life;

(l)  The value of the iPhone 4s in an amount in excess of $400.00, all to Ms. DeOliveira's loss;

(m)  The value of Ms. DeOliveira's clothing that was burned;

(n)  Pre and post–judgment interest at the lawful rate; and

(o)  Such other applicable damages as this Honorable Court deems appropriate.


## DEMAND FOR JURY TRIAL

Amy Langlois DeOlivera demands a trial by jury of any and all issues triable of right before a jury.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Amy Langlois DeOliveira, prays that upon final determination of this cause of action, Plaintiff receive a judgment against Defendant, Apple Inc., as follows:

(1)  Actual  and compensatory damages as alleged against Defendant in excess of $75,000.00;

(2)  Cost of court and expenses necessary for preparation of this case for trial;

(3)  Prejudgment interest at the highest lawful rate allowed by law;

9

(4) Interest on the judgment at the highest legal rate from the date of judgment until collected; and

(5) All such other and further relief at law and in equity to which Plaintiff may show to be justly entitled.

DATED:  April 22, 2014

Respectfully submitted:

BY: _____

Gregory P. Aycock (#26177)
**AYCOCK LAW FIRM, LLC**
Two United Plaza
8550 United Plaza Boulevard, Suite 702
Baton Rouge, Louisiana 70809
Telephone: (225) 610-1069
Facsimile:  (225) 282-2800
greg@aycocklawfirm.com

**ATTORNEY FOR AMY LANGLOIS DEOLIVEIRA**